| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>ROBERT DEREK LURCH JR.,<br><br>                    Plaintiff,<br><br>         -against-<br><br>M.D. FRANCE CHAPUT, R.N. MARIA<br>MARQUEZ, and NYPD OFFICERS (4),<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/02/2018<br><br>16 Civ. 2517 (AT) (RWL)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

      Plaintiff *pro se*, Robert Derek Lurch Jr., brings this action pursuant to 42 U.S.C. § 1983 and state law. He asserts claims of substantive and procedural due process violations, false arrest, malicious abuse of process, and false imprisonment, arising from an arrest and involuntary hospitalization.[1] Police Officers Jonathon Rivera, Amar Bhairam, Edward Testa, and Gregory Kosarek (the "Moving Defendants") move for summary judgment on the claims against them pursuant to Federal Rule of Civil Procedure 56(a).[2] For the reasons stated below, the Moving Defendants' motion is GRANTED.

## BACKGROUND

      On December 26, 2013, police were called to a restaurant in Manhattan, where Plaintiff was involved in a dispute with a cashier. Third Am. Compl. at 6.[3] Plaintiff claimed that he had been shortchanged. *Id.* After police officers interviewed Plaintiff and the restaurant staff, the officers asked Plaintiff to leave. *Id.* at 7. When Plaintiff refused, the officers arrested him. *Id.* The arresting officer escorted Plaintiff by ambulance to a hospital, where Plaintiff alleges that the officer told the attending physician an inaccurate version of the events that occurred at the restaurant, refused to loosen Plaintiff's handcuffs even though Plaintiff repeatedly complained that they were too tight, and eventually handcuffed Plaintiff to a chair and, over Plaintiff's objection, instructed the physician to administer a drug "to calm [him] down." *Id.* at 7–9.

      On April 5, 2016, Plaintiff filed his first complaint in this matter. Compl., ECF No. 2. After two amendments, on March 3, 2017, Plaintiff filed his third amended complaint, asserting state law claims of false arrest and malicious abuse of process against the Moving Defendants, who were the NYPD officers involved in his arrest. Third Am. Compl. at 44–50.

---

[1] On June 28, 2017, the Court granted Defendants' motion to dismiss Plaintiff's claims of municipal liability and negligent infliction of emotional distress. ECF No. 82.

[2] The Moving Defendants are identified as "NYPD Officers (4)" in the caption. *See* Third Am. Compl. at 1, 4, ECF No. 57.

[3] When citing Plaintiff's handwritten submissions, the Court relies on the ECF-generated page numbers in the top margin.

On September 15, 2015—subsequent to the incident underlying this matter, but prior to filing the first complaint—Plaintiff filed a "Personal Injury Claim Form" with the New York City Comptroller's Office. Claim Form, Arko Decl. Ex. A, ECF No. 112-1. Plaintiff alleged that he suffered injuries after slipping on the floor while incarcerated on Rikers Island. *Id.* at 2. Plaintiff was represented in that matter by Evan H. Nass, Esq. Nass Letter, Arko Decl. Ex. B, ECF No. 112-2. The claim was resolved by a settlement, in which Plaintiff executed a release. General Release, Arko Decl. Ex. D, ECF No. 112-4. The release states that Plaintiff:

> ". . . voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present . . . employees . . . of the City of New York . . . from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims[ and] causes of action . . . which [Plaintiff] . . . had, now has or hereafter can, shall, or may have . . . against RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE."

*Id.* at 1. The release also states, in bold type and capital letters, "the undersigned has read the foregoing release and fully understands it." *Id.* at 2. Plaintiff signed the agreement on January 27, 2016. *Id.* This was approximately two years after the incident underlying this matter, and ten weeks before filing the first complaint. *See* Compl. The Moving Defendants, who are employees of the City of New York, argue that the release mandates dismissal of this action against them.

## DISCUSSION

### I. Motion for Summary Judgment Legal Standard

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party." *Conn. Ironworkers Emp'rs Ass'n, Inc. v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98–99 (2d Cir. 2017).

A court must "afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, "[e]ven though a *pro se* plaintiff is generally afforded more liberty in his pleadings, he must still come forward with evidence of specific facts that refutes the defendant's evidence in its motion for summary judgment." *Spavone v. City of New York*, 420 F. Supp. 2d 236, 238 (S.D.N.Y. 2005). Proceeding *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks and citation omitted).

### II. Applicability of Release to This Action

"It is well established that settlement agreements are contracts and therefore must be construed according to general principles of contract law." *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) (internal quotation marks and citation omitted). "Where the

2

language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Id.* (internal quotation marks and citation omitted).

"[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011) (alteration in original) (internal quotation marks and citation omitted).

A defendant has the initial burden of establishing that a release bars a plaintiff's claim. *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011). Then, the burden shifts to the plaintiff "to show that there has been fraud, duress or some other fact which will be sufficient to void the release." *Id.* (internal quotation marks and citation omitted).

The Moving Defendants argue that by signing the release, Plaintiff unambiguously waived his right to bring this lawsuit. Plaintiff argues, however, that the release is ambiguous as to whether it bars his claim in this action. Pl. Mem. at 3, ECF No. 121. Courts in this Circuit have consistently found that similar releases signed by plaintiffs asserting civil rights claims unambiguously bar suit against the City and its employees for all conduct predating the release. *See Staples v. Acolatza*, No. 14 Civ. 3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (collecting cases); *see also Mosley v. Jennings*, No. 16 Civ. 994, 2018 WL 583121, at *3 (S.D.N.Y. Jan. 26, 2018) (release with identical language unambiguously barred plaintiff's suit). The Court finds no reason to depart from this well-settled principle. As discussed, the release states that Plaintiff "voluntarily, knowingly, and willingly releases and forever discharges" the City and its employees "from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims" which Plaintiff "had, now has or hereafter can, shall, or may have" through the date of the release. General Release at 1. Furthermore, it states in bold type and capital letters that "the undersigned has read the foregoing release and fully understands it." *Id.* at 2. The release, therefore, unambiguously precludes Plaintiff from bringing this lawsuit against the Moving Defendants.

Plaintiff also argues that, because the release states that it "may not be changed orally," he may unilaterally change the terms of the contract, provided that he informs the City of the changes in writing; and that he has made such a change which prevents the release from barring his claim. Pl. Mem. at 4. This argument fails. A contract's terms may not be altered unilaterally, because "[f]undamental to the establishment of a contract modification is . . . mutual assent to its terms." *Beacon Terminal Corp. v. Chemprene, Inc.*, 429 N.Y.S.2d 715, 718 (2d Dep't 1980) (citing *Becker v. Faber*, 19 N.E.2d 997, 998 (N.Y. 1939)).

In addition, Plaintiff contends when he signed the release, his then-counsel told him that the release would "settle all claims that are currently outstanding," which Plaintiff understood to mean that it would only apply to claims for which he had already filed lawsuits. Pl. Mem. at 4. Plaintiff's argument fails as a matter of law. "To the extent that [Plaintiff] raises the argument that he understood the release to only bar claims on which no action had been taken prior to the execution of the General Release, the unambiguous language of the General Release, rather than [Plaintiff's] subjective understanding, controls." *Dinkins v.*

*Decoteau*, No. 15 Civ. 8914, 2016 WL 3637169, at *3 (S.D.N.Y. June 29, 2016) (citing *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) ("With unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant.")); *see also Muhammed v. Schriro*, No. 13 Civ. 1962, 2014 WL 4652564, at *6 (S.D.N.Y. Sept. 18, 2014) ("[Plaintiff's] contention that no one adequately explained to him the implications of the Release's terms does not fall within the causes sufficient to invalidate the Release." (internal quotation marks omitted)).

Finally, Plaintiff suggests that his counsel may have purposefully failed to tell him that the release would apply to unasserted claims, which means that he was "under duress by being coerced by fraudulent information" when he signed it. Pl. Mem. at 5. The Court disagrees. Plaintiff does not raise a genuine dispute of fact as to whether he was under duress at the time he signed the release, which would require that he was "forced to agree to [the release] by means of a wrongful threat precluding the exercise of his free will." *Austin Instrument, Inc. v. Loral Corp.*, 272 N.E.2d 533, 535 (N.Y. 1971). Nor does he raise a genuine dispute of fact as to whether he was fraudulently induced to sign the release. Under New York law, to invalidate a release because of fraudulent inducement, "a plaintiff must establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *Glob. Minerals & Metals Corp. v. Holme*, 824 N.Y.S.2d 210, 214 (1st Dep't 2006). The plaintiff's reliance on the misrepresentation must be reasonable. *See Robinson v. Deutsche Bank Trust Co. Ams.*, 572 F. Supp. 2d 319, 322 (S.D.N.Y. 2008). Plaintiff states that his attorney told him that the release would settle "all claims that are currently outstanding," and that he believes the attorney may have purposefully failed to inform him that the release would cover both filed and unfiled claims. Pl. Mem. at 4–5. Plaintiff does not, however, allege a false statement that was intentionally made, much less present evidence that raises a genuine dispute of fact as to its existence. In any event, "New York courts have determined as a matter of law that a party's reliance was unreasonable where the alleged misrepresentation is explicitly contradicted by the written agreement." *Robinson*, 572 F. Supp. at 323. As discussed, the release unambiguously bars Plaintiff from bringing a lawsuit for conduct that predates the release, and as such, his reliance on a statement to the contrary would not be reasonable.

Because the release bars Plaintiff from bringing suit against the Moving Defendants, the Moving Defendants' motion for summary judgment is GRANTED.

## CONCLUSION

For the reasons stated above, the Moving Defendants' motion is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 111 and to mail a copy of this order and all unpublished cases cited herein to Plaintiff *pro se*. The Clerk of Court is further directed to terminate Defendants Jonathon Rivera, Amar Bhairam, Edward Testa, and Gregory Hosarck from this action and to amend the caption by removing "NYPD Officers (4)" as Defendants.

SO ORDERED.

Dated: November 2, 2018
      New York, New York

_____
ANALISA TORRES
United States District Judge