# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

              Plaintiff,

        -against-

FRANCE CHAPUT, MD, et al.,

              Defendants.

16-CV-2517 (LAP)

ORDER TO AMEND

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C.
§ 1983, alleging that Defendants medicated him with Haldol against his will. By order dated
May 24, 2016, the Court granted Plaintiff's request to proceed without prepayment of fees, that
is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an
amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,
fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,
480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks
subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on
any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,
572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing
fee even when they have been granted permission to proceed *in forma pauperis*.

*suggest," Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff asserts that on December 26, 2013, Defendant Dr. France Chaput medicated him with Haldol after New York City police officers brought him to Bellevue Hospital, despite his repeated requests that Chaput not medicate him with Haldol. Plaintiff also asserts that, due to a prior allergic reaction to Haldol where he was unable to breathe, he asked Chaput that she medicate him with something other than Haldol. Chaput declined and administered the Haldol, which Plaintiff did not react to. Bellevue released Plaintiff the following day.

Plaintiff attaches to his complaint his medical records from Bellevue, which indicates that he was not in custody during his emergency room visit. (Compl. at 23.)

In addition to Chaput, Plaintiff sues a Bellevue Hospital nurse, Defendant Maria Marquez, and Bellevue Hospital Center. He seeks $10,000,000 in damages.

## DISCUSSION

### A. Forced Medication Claim

Psychiatric patients have a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990); *see, e.g., Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir.1996) ("It is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." (quotations omitted)).

2

"[I]t is well-settled [however] that a patient's liberty interest in not being involuntarily medicated is overridden in an emergency, where failure to medicate forcibly would result in a substantial likelihood of physical harm to that patient, other patients, or to staff members of the institution." *Odom v. Bellevue Hosp. Ctr.*, 93 Civ. 2794, 1994 WL 323666 at \*3 (S.D.N.Y. July 5, 1994); *see, e .g., Kulak*, 88 F.3d at 74 ("Such a right may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution.'").

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323, (1982). "This standard requires more than simple negligence on the part of the doctor but less than deliberate indifference." *Kulak v. City of N.Y.*, 88 F.3d at 75; *see, e.g., Britt v. Buffalo Mun. Hous. Auth.*, 827 F.Supp.2d 198, 208 (W.D.N.Y.2011).

Plaintiff asserts that he disagreed with Defendant Chaput's decision to inject him with Haldol rather than another medication. Based on this assertion, the complaint suggests that Plaintiff did not oppose being medicated, only the medication administered. This assertion fails to state a claim. Plaintiff is therefore granted leave to amend his complaint to detail his forced medication claim.

## B.    Municipal Liability

Plaintiff's claims against Bellevue Hospital Center must be dismissed because Bellevue is a facility belonging to the HHC and lacks the capacity to be sued. *See Davis v. City of New York,* No. 96-CV-2998, 1998 WL 29247, at \*2 (S.D.N.Y. January 26, 1998) ("These entities,

3

however, are merely buildings, and are not suable entities."). HHC, on the other hand, has the capacity to be sued and is therefore a proper defendant. *See* N.Y. Unconsol. Laws § 7385(1).

To establish § 1983 liability against HHC, a plaintiff must assert facts that satisfy municipal liability requirements. *See Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983). When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Should Plaintiff seek relief from HHC, he must assert the policy, custom, or practice that caused his injury.

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to

provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's

amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the

amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended

complaint that complies with the standards set forth above. Plaintiff must submit the amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption

the document as an "Amended Complaint," and label the document with docket number 16-CV-

2517 (LAP). An Amended Complaint form is attached to this order. No summons will issue at

this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to

excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief

may be granted.

Defendant Bellevue Hospital Center is dismissed from the action because it lacks the

capacity to be sued. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 31, 2016
         New York, New York

LORETTA A. PRESKA
Chief United States District Judge

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

### AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature | |
| --- | --- | --- | --- |
| First Name | Middle Initial | Last Name | |
| Prison Address | | | |
| County, City | | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6