# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.

                        Plaintiff,

                        -against-

FRANCE CHAPUT, MD; MARIA D.
MARQUEZ, RN; CITY OF NEW YORK;
NYC HEALTH & HOSPITALS
CORPORATION; UNKNOWN OFFICERS,

                        Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9  20  16
```

16-CV-2517 (AT) (JCF)

ORDER OF SERVICE

JAMES C. FRANCIS IV, United States Magistrate Judge:

Plaintiff, currently incarcerated at Franklin Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants forcibly medicated him and falsely arrested

him. By order dated May 24, 2016, the Court granted Plaintiff's request to proceed *in forma*

*pauperis*.[1]

## DISCUSSION

### A.    Service on Named Defendants

To allow Plaintiff to effect service on Defendants France Chaput, MD (Chaput); Maria D.

Marquez, RN (Marquez); City Of New York; NYC Health & Hospitals Corporation (NYC HHC)

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The

service address for Chaput, Marquez and NYC HHC is NYC Health + Hospitals/Bellevue, 462

First Avenue New York, NY 10016. The service address for the City of New York is New York

City Law Department, 100 Church Street, New York, NY 10007.

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing
fee even when they have been granted permission to proceed *in forma pauperis*.

1

The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## B. John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Police Department (NYPD) to identify the police officers who brought Plaintiff to Bellevue Hospital on December 26, 2013, from a Chinese restaurant on West 24th Street, in Manhattan, between the hours of 8:00 p.m. and 10:00 p.m. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, shall ascertain the identities of the John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served. The Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An Amended Civil Rights Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses

2

for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## C. *Pro Bono* Counsel

Plaintiff has submitted an application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296-97 (2d Cir. 2015) (citing factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986)); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).

Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's request for *pro bono* counsel without prejudice. Plaintiff may reapply for *pro bono* counsel at a later date, after the Court has had more of the relevant facts and legal issues presented to it for its consideration.

## CONCLUSION

The Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form for France Chaput, MD; Maria D. Marquez, RN; City Of New York; NYC Health & Hospitals Corporation in order that they may be served as provided.

The Clerk of Court shall serve a copy of this order and the complaint on the New York City Law Department at: 100 Church Street, New York, NY 10007.

3

An Amended Civil Rights Complaint form is attached to this order.

Plaintiff's application requesting *pro bono* counsel (ECF No. 4) is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 20, 2016
         New York, New York

JAMES C. FRANCIS IV
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes   ☐ No

(check one)

___ Civ. _____ (   )

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
              ID#_____
              Current Institution_____
              Address_____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

*Rev. 01/2010*                               1

| Defendant No. 2 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 3 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

**Who did what?**

| Defendant No. 4 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 5 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

_____

**What happened to you?**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know ____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

*Rev. 01/2010*                4

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

_____

_____

_____

_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                         5

_____

_____

_____

**VI.    Previous lawsuits:**

On
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

On
other
claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6.     Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number      _____

Institution Address   _____

_____

_____

_____

<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

7