USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/5/2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERT DEREK LURCH, JR.,

                        Plaintiff,

        -against-                                    16 Civ. 2517 (AT)

MD FRANCE CHAPUT, RN MARIA                           ORDER
MARQUEZ,

                        Defendants.
```

ANALISA TORRES, District Judge:

The Court has reviewed Defendants' motion for summary judgment. ECF No. 222. Defendants' motion for summary judgment is DENIED without prejudice to renewal.

The Court finds that Defendants failed to comply with Local Civil Rule 56.1(a), which requires the moving party to "annex[] to the notice of motion a separate, short[,] and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Id.* at 56.1(b). "Failure to submit such a statement may constitute grounds for denial of the motion." *Id.* at 56.1(a).

The Court acknowledges that, because Plaintiff is proceeding *pro se*, Defendants were not required to file pre-motion letters before filing their motion for summary judgment. *See* Individual Rules of Practice in Pro Se Cases IV.C. Indeed, the Court explicitly waived that requirement in this case. ECF No. 219. The Court did not, however, waive the requirement of filing a 56.1 statement pursuant to the local rules. Although district courts have authority to determine when a party's noncompliance with a local rule may be excused, *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No 13 Civ. 4577, 2021 WL 323262, at *5 (S.D.N.Y. Feb. 1, 2021), Defendants' noncompliance should not be excused here. Defendants are represented by able counsel. *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 433 (S.D.N.Y. 2014) (finding excusal for noncompliance unwarranted when a party was "represented by able counsel and were unquestionably aware of Local Rule 56.1's requirements"). By contrast, because Plaintiff is proceeding *pro se*, it would not be in the "interest of justice" to excuse Defendants' failure to file a 56.1 statement. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000).

Accordingly, Defendants' motion for summary judgment is DENIED without prejudice to renewal. By **March 19, 2021**, Defendants shall send Plaintiff their 56.1 statement. By **April 2, 2021**, Plaintiff shall respond to Defendants' 56.1 statement, including any additional counterstatements. By **April 9, 2021**, Defendants shall file an updated motion for summary

judgment.  By **April 30, 2021**, Plaintiff shall file his opposition papers.  By **May 14, 2021**, Defendants shall file their reply papers, if any.

      The Clerk of Court is directed to terminate the motion at ECF No. 222 and to mail a copy of this order to Plaintiff *pro se*.

      SO ORDERED.

Dated: March 5, 2021
      New York, New York

ANALISA TORRES
United States District Judge