UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

Plaintiff,

-against-

MD FRANCE CHAPUT, RN MARIA
MARQUEZ,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/30/2023__

16 Civ. 2517 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Robert Derek Lurch, Jr., moves pursuant to Federal Rule of Civil Procedure 60(b)(2) to vacate the Court's March 25, 2022 order ("Order"), ECF No. 283, granting summary judgment to Defendants France Chaput, M.D. and Maria Marquez, R.N. Pl. Mot., ECF No. 289. Lurch, who alleges violations of his Fourth and Fourteenth Amendment rights, states that newly discovered evidence—namely, an expert report prepared during discovery in this matter—creates a genuine dispute of material fact. *See* Pl. Mot. at 1–2.[1] For the reasons stated below, the motion is DENIED.

## BACKGROUND

Lurch brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights, stemming from an involuntary hospitalization, administration of antipsychotic drugs, and use of restraints at Bellevue Hospital on December 26, 2013. *See* Third Am. Compl., ECF No. 57. On March 25, 2022, the Court granted summary judgment in favor of Defendants. *See* ECF Nos. 283–84.

---

[1] Because the pages of Plaintiff's submission are not numbered, the Court refers to the page numbers generated by ECF.

Lurch timely appealed the Order to the Second Circuit. *See* ECF No. 286. On March 13, 2023, the Second Circuit affirmed the Order. *See Lurch v. Chaput*, No. 22-798, 2023 WL 2469943, at *1 (2d Cir. Mar. 13, 2023) (summary order).

During the pendency of the appeal, on November 9, 2022, Lurch separately moved the Court to reconsider the Order pursuant to Federal Rule of Civil Procedure 60(b)(2), based on newly available evidence. *See* Pl. Mot. at 1. Specifically, Lurch identifies a medical report prepared for his case by Lama Bazzi, M.D., dated August 23, 2019. *See* Pl. Mot. at 7–11. In the report, Bazzi opines that "the use of wrist and ankle restraints and intramuscular medication . . . was NOT warranted as Mr. Lurch's behavior was not indicative of a medical emergency and he did not constitute an imminent danger to himself or others." *Id.* at 9. Lurch argues that this report constitutes newly discovered evidence under Rule 60(b)(2) and creates a genuine issue of material fact as to his dismissed claims. *Id.* at 2. The Second Circuit's affirmance did not reach this issue. *See Lurch*, 2023 WL 2469943, at *1 n.2.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) permits a district court to vacate a final judgment in the interest of "substantial justice." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). This Rule is intended to "preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Desarrolladora Farallon S. De R.L. De C.V. v. Cargill, Inc.*, No. 15 Civ. 532, 2016 WL 1732754, at *3 (S.D.N.Y. Apr. 29, 2016). Rule 60(b) motions are disfavored and should be granted "only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief has the burden of proof, and a court's ruling is reviewed for abuse of discretion. *Id.*

To vacate a judgment pursuant to Rule 60(b)(2) for newly discovered evidence, the movant must demonstrate that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding[;] (2) the movant must have been justifiably ignorant of them despite due diligence[;] (3) the evidence must be admissible and of such importance that it probably would have changed the outcome[;] and (4) the evidence must not be merely cumulative or impeaching.

*Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (quoting *Teamsters*, 247 F.3d at 392); *see Lord & Taylor LLC v. Zim Integrated Shipping Servs., Ltd.*, No. 13 Civ. 3478, 2016 WL 6671378, at *1 (S.D.N.Y. June 13, 2016) (calling the test "onerous" (citation omitted)).

Pro bono counsel assisted Lurch in conducting certain document discovery and depositions. ECF No. 85. This limited discovery counsel retained Bazzi, a board-certified psychiatrist, and commissioned the preparation of the report. Pl. Mot. at 7. Counsel also defended the deposition of Bazzi, Plaintiff's expert witness. ECF No. 207; *see also* ECF No. 214-2 at 2 (informing Lurch of the scope of the discovery conducted). Lurch admits that he was aware of the report's existence prior to filing his response to Defendants' summary judgment motion. Pl. Mot. at 13 ¶ 1.

Generally, if a party has notice that particular evidence exists, the party cannot claim that the evidence is newly discovered. *NMD Interactive, Inc. v. Chertok*, No. 11 Civ. 6011, 2013 WL 1385213, at *7 (S.D.N.Y. Mar. 18, 2013), *vacated in part on unrelated grounds sub nom. StreetEasy, Inc. v. Chertok*, 752 F.3d 298 (2d Cir. 2014). Liberally construed, Lurch argues that, although he may have known of the existence of Bazzi's report, the substance of her expert opinion—the relevant fact that he wishes now to raise—was unknown to him at the time of the Order. *See* Pl. Mot. at 1 (seeking to "substantiate [his] contentions with expert testimony"). Specifically, Lurch states that, because of a policy at the jail where he was incarcerated at the

time, he was unable to "receive the documented evidence [he] procured during discovery" until June 2022, "months after" the Order. *Id.* at 1. Lurch further states that he "attempted to obtain the [e]xpert opinion by MD Lama Bazzi" prior to filing his response to Defendants' motion for summary judgment but "was not allowed by the [f]acility" to access the report. *Id.* at 13. At least one Court in this district has granted a Rule 60(b) motion because a plaintiff "incarcerated and proceeding *pro se*" was not equipped to pursue discovery on his own after counsel withdrew. *Hemric v. City of New York*, No. 96 Civ. 213, 2001 WL 118561, at *5 (S.D.N.Y. Feb. 13, 2001).[2]

The Court shall not reach the question of whether Lurch was thus "justifiably ignorant" of the evidence because, even if he were, the newly offered evidence must still be "of such importance that it probably would have changed the outcome" of the Order to warrant relief under Rule 60(b)(2). *Mirlis*, 952 F.3d at 50 (quoting *Teamsters*, 247 F.3d at 392). The report that Lurch seeks to introduce does not satisfy this standard.[3]

Lurch alleges three ways in which his constitutional rights were violated: involuntary commitment, forced medication, and improper use of restraints. *See* Order at 10, 18, 24. Bazzi's report does not address whether Lurch's involuntary hospitalization was warranted and thus cannot serve as a basis for disturbing the summary judgment awarded to Defendants on the Fourth and Fourteenth Amendment claims arising from Lurch's involuntary commitment. Bazzi does opine that Defendants' use of restraints and intramuscular medication was "not warranted" and a "deviation from the accepted standard of medical and psychiatric care." Pl. Mot. at 9, 11.

---

[2] The solicitude offered to *pro se* plaintiffs is not unlimited, and Plaintiff has provided few details about the jail policy or his knowledge of the discovery conducted in this matter. *See Hemric v. City of New York*, No. 96 Civ. 213, 2002 WL 1203850, at *2 (S.D.N.Y. June 3, 2002) (denying a 60(b) motion from the same plaintiff because the plaintiff did "not describe any attempts to obtain this public record evidence").

[3] Bazzi's report was labeled a "preliminary opinion" upon a "review of the medical records with which [she] was provided." Pl. Mot. at 7. For the sake of the foregoing analysis, the Court assumes, but does not determine, that Bazzi's report would be admissible.

Bazzi's arguments regarding Chaput's course of treatment are not "highly convincing," the standard required for vacating a final judgment. *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, 2002 WL 548745, at *3 (S.D.N.Y. Apr. 12, 2002). Bazzi disputes Chaput's determination that Lurch was an imminent danger to himself or to others. Pl. Mot. at 9. But Bazzi's report ignores the multiple other nurses who examined Plaintiff and contemporaneously documented his agitation and risk of violence. Order at 20–21. Although Bazzi speculated that Lurch "may very well have been able to control his behavior and to follow verbal redirection, had it been attempted," Pl. Mot. at 9, the record shows that Defendants tried unsuccessfully to verbally redirect Lurch. Order at 20–21. And Bazzi's vague conclusion that "it is untrue that Mr. Lurch could not have spoken of his allergy" to Haldol, one of the administered intramuscular medications, Pl. Mot. at 10, does not adequately corroborate Plaintiff's claim—rejected in the Order—that he told Defendants not to give him Haldol. Order at 23.

More importantly, Bazzi's disagreements about diagnoses are not sufficient to raise "material issues regarding the treatment decisions made by the doctor defendants." *Kraft v. City of New York*, 696 F. Supp. 2d 403, 413 (S.D.N.Y. 2010). A doctor is liable under Section 1983 for medical-treatment decisions only when those decisions are "such a substantial departure from accepted judgment, practice, or standards as to demonstrate that she actually did not base the decision on such a judgment." *Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir. 1996) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)) (cleaned up); Order at 20, 25 (analyzing Plaintiff's medication and restraint claims under the same substantive-due-process standard). A physician's decision to medicate a patient comports with both substantive and procedural due process where the patient could be "considered imminently likely to engage in conduct posing a risk of physical harm to himself or others." *Kulak*, 88 F.3d at 74. In the Order, the Court held

that Chaput had a "reasonable basis for concluding that [Plaintiff] was presently dangerous." Order at 20. The Court based this determination on the reports at intake that Chaput received, her personal observation of Lurch's continued agitation following the deployment of less restrictive measures, contemporaneous documentation from multiple nurses characterizing Lurch's behavior as "agitated" and at risk of violence, and Chaput's concerns that Lurch was "completely uncooperative" and would thus reject oral medications. *Id.* at 20–21; *see id.* at 12–13. The Court also held that Chaput's decision to order restraints was not "substantially below professionally accepted standards" based on the risk of serious harm that Plaintiff posed. *Id.* at 25.

Bazzi's report does not conclude that the diagnoses, action, and subsequent determinations by Chaput "fell *substantially below* accepted medical standards." *Kraft*, 696 F. Supp. 2d at 413 (emphasis added); *see* Pl. Mot. at 7–11. Near the end of her report, Bazzi states that the use of restraints and intramuscular medication was a "deviation from the accepted standard of medical and psychiatric care." Pl. Mot. at 11. Bazzi's conclusion follows from her assumption that Plaintiff was not dangerous. *Id.* at 9. This does not create a fact issue, however, because the report does not assert that it was substantially below accepted professional judgment for Defendants to conclude that Lurch was dangerous. *See Kulak*, 88 F.3d at 75. Moreover, Bazzi's report neither "identif[ies] any standards from which [the treatment] departs" nor states that it was a substantial deviation. *Kraft*, 696 F. Supp. 2d at 413.

Plaintiff's evidence would not change the outcome of the Court's ruling on Defendants' motion for summary judgment. Accordingly, Plaintiff's motion is DENIED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to vacate the Order is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 289 and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: August 30, 2023
     New York, New York

_____
ANALISA TORRES
United States District Judge